# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PORTUS SINGAPORE PTE LTD., &
PORTUS PTY LTD.,

      Plaintiffs,

      v.

SAMSUNG ELECTRONICS AMERICA,
INC.

AMAZON.COM SERVICES LLC,

      Defendants.

Case No. 2:26-CV-00143-JRG
**(Lead Case)**

Case No. 2:26-CV-00127-JRG
**(Member Case)**

JURY TRIAL DEMANDED

## DEFENDANT AMAZON.COM SERVICES LLC'S
## MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ......................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

        A.      The Asserted Patents and Accused Products ............................................................ 2

        B.      Portus Fails to Allege Both Infringement During the Recoverable
                Damages Period and Knowledge for Willful Infringement For Both
                Patents ...................................................................................................................... 3

        C.      Portus and Its Licensees Did Not Mark or Otherwise Provide Notice .................. 4

III.    LEGAL STANDARDS .................................................................................................. 4

        A.      Rule 12(b)(6) Standard ............................................................................................ 4

        B.      Patent Marking......................................................................................................... 5

        C.      Willful Infringement ................................................................................................ 6

IV.     ARGUMENT.................................................................................................................. 6

        A.      Portus Fails to Allege Infringement During the Damages Period ......................... 6

        B.      Portus Failed to Comply With the Marking Statute Before the Asserted
                Patents Expired ........................................................................................................ 7

                1.      The marking statute applies to the Asserted Patents................................. 7

                2.      Portus has not complied with the marking statute ................................... 8

        C.      Portus's Complaint Does Not Allege Pre-Expiration Notice of the
                Asserted Patents and Thus Cannot Support a Claim of Willful
                Infringement............................................................................................................ 11

        D.      Portus Cannot Plausibly Allege That Amazon Infringes the Asserted
                Patents ..................................................................................................................... 12

                1.      Portus fails to plausibly allege that Amazon makes, sells, or offers
                        for sale all elements of the patented system............................................ 12

                2.      Plaintiffs fail to plausibly allege that Amazon uses the patented
                        system. .................................................................................................... 13

V.      CONCLUSION............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)..................................................................................................5

*Am. Med. Sys. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................4, 7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)...................................................................................6, 8, 9, 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)...................................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................................................5

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)..............................................................................................6, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................................5

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
631 F.3d 1279 (Fed. Cir. 2011).....................................................................................12, 13, 14

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
No. 17-cv-2479, 2018 WL 2229364 (S.D. Cal. May 16, 2018) .............................................12

*CTD Networks, LLC v. Amazon.com, Inc.*,
688 F. Supp. 3d 436 (W.D. Tex. 2023)...................................................................................12

*Cuvillier v. Taylor*,
503 F.3d 397 (5th Cir. 2007) ....................................................................................................5

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
No. 2:23-CV-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)...............................6

*DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*,
629 F. Supp. 3d 548 (S.D. Tex. 2022) .....................................................................................8

*Finjan, Inc. v. Juniper Networks, Inc.*,
387 F. Supp. 3d 1004 (N.D. Cal. 2019) .................................................................................10

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
 920 F.3d 890 (5th Cir. 2019) ...............................................................................................5

*Kearns v. Chrysler Corp.*,
 32 F.3d 1541 (Fed. Cir. 1994)..............................................................................................12

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
 No. 6:20-cv-00317, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021)........................................11

*Kutt v. Apple Inc.*,
 2:19-CV-00316-RWS, 2020 WL 6803257 (E.D. Tex. Mar. 23, 2020) ...................................7

*Laitram Corp. v. NEC Corp.*,
 No. 89-cv-1571, 1996 WL 365663 (E.D. La. July 1, 1996) ...................................................10

*Lans v. Digit. Equip. Corp.*,
 252 F.3d 1320 (Fed. Cir. 2001)...........................................................................................5, 6

*Lincoln v. Turner*,
 874 F.3d 833 (5th Cir. 2017) ................................................................................................5

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
 No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ...................................11

*Portus Singapore PTE LTD v. Kenyon & Kenyon LLP*,
 449 F. Supp. 3d 402 (S.D.N.Y. 2020)....................................................................................2

*Portus Singapore PTE Ltd v. Schneider Elec. USA, Inc.*,
 C.A. No. 23-977-JLH-CJB, 2025 WL 437055 (D. Del. Feb. 7, 2025).........................3, 13, 14

*Portus Singapore PTE Ltd v. SimpliSafe, Inc.*,
 C.A. No. 19-480-LPS-JLH, 2019 WL 6071180 (D. Del. Nov. 15, 2019) ..........................3, 14

*Robocast, Inc. v. YouTube, LLC*,
 C.A. No. 22-304, 2022 WL 16922035 (D. Del. Nov. 14, 2022) ......................................11, 12

*SAS Inst. Inc. v. Iancu*,
 584 U.S. 357 (2018).............................................................................................................10

*SB IP Holdings, LLC v. Vivint Smart Home, Inc.*,
 4:20-CV-886, 2021 WL 1721715 (E.D. Tex. Apr. 30, 2021)....................................................2

*SK Nexilis Co. v. Solus Advanced Mats. Co.*,
 No. 2:23-cv-00539-JRG-RSP, 2026 WL 1064991 (E.D. Tex. Apr. 6, 2026)..........................9

*Synchronoss Techs. v. Dropbox, Inc.*,
 987 F.3d 1358 (Fed. Cir. 2021).............................................................................................12

iii

*VDPP, LLC v. Volkswagen Group of Am., Inc.*,
   No. 23-2961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) ...........................................4, 8, 9

**Statutes**

 35 U.S.C. § 271.........................................................................................................................12

35 U.S.C. § 286.......................................................................................................................3, 7

35 U.S.C. § 287 .................................................................................................................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 4, 5, 6

Federal Rule of Evidence 201 ...................................................................................................5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Amazon.com Services LLC ("Amazon") respectfully moves to dismiss Plaintiffs Portus Singapore PTE Ltd. and Portus PTY Ltd.'s ("Portus") Complaint for failure to state a claim.

## I.    INTRODUCTION

Portus asserts apparatus claims from two expired patents against Amazon, U.S. Patent Nos. 8,914,526 ("the '526 patent") and 9,961,097 ("the '097 patent") (together, the "Asserted Patents"). Both patents expired on June 7, 2020, approximately five and a half years before this lawsuit was filed. Portus has not plausibly alleged any recoverable damages for either of the Asserted Patents. The Complaint relies on evidence from 2018 and 2019, well outside the six-year statutory damages window. Portus also fails to plead compliance with the marking statute, despite having licensed the patents to multiple third parties who never marked their products. Further, Portus cannot support its willful infringement claims because it does not allege Amazon had any knowledge of the patents before they expired. Finally, two courts have already found that Portus's nearly identical infringement theories against other defendants were insufficient because the accused systems require customer-owned devices that defendants do not make, sell, or control. For all these reasons, Portus's claims should be dismissed with prejudice.

## II.   BACKGROUND

Portus's Complaint, Dkt. No. 1, alleges infringement of two patents that expired before this suit was filed. As such, no post-suit relief is possible. As for pre-suit relief, the infringement allegations in the Complaint include no plausible allegation that Portus is entitled to recover damages for either patent or that Amazon had any pre-suit knowledge of the Asserted Patents to support Portus's claim for willful infringement. Likewise, no relief is possible because Portus has not complied with the marking statute and cannot plausibly allege direct infringement.

1

### A.      The Asserted Patents and Accused Products

The Asserted Patents are related to each other by continuation and share a common specification. In simple terms, claim 57 of the '526 patent and claim 1 of the '097 patent (the "Asserted Claims") recite a system whereby a user can use an external device (*e.g.*, a smartphone) to connect to and monitor a user premise network device (*e.g.*, a home security system). *See* Dkt. No. 1-1 ('526 patent), claim 57; Dkt. No. 1-3 ('097 patent), claim 1. The system of the Asserted Claims includes four basic components: (1) a user premises system (*e.g.*, the alarm system or power management system); (2) an external network or server (*e.g.*, a user's smartphone); (3) hardware user access browser device (*e.g.*, a web browser on the user's smartphone); and (4) a connection gateway (allows the user access browser device to connect to the user premises). *Id.* In order to connect to the claimed user premises, the claims require the "input of Uniform Resource Locators (URL)" into a "user access browser." Dkt. No. 1-1, claim 57; *accord* Dkt. No. 1-3, claim 1.

The Asserted Patents expired on June 7, 2020. *See Portus Singapore PTE LTD v. Kenyon & Kenyon LLP*, 449 F. Supp. 3d 402, 410 (S.D.N.Y. 2020), *aff'd*, 843 Fed. Appx. 389 (2d Cir. 2021); *see also* Declaration of Jennifer Librach Nall ("Nall Declaration"), Ex. 1 (terminal disclaimer for the '097 patent beyond '526 patent term); *SB IP Holdings, LLC v. Vivint Smart Home, Inc.*, 4:20-CV-886, 2021 WL 1721715, at *1 (E.D. Tex. Apr. 30, 2021) (court may take judicial notice of prosecution history).

The Complaint and attached claim charts (Dkt Nos. 1-2, 1-4) allege that Amazon infringes through its Echo Show systems ("Accused Products") that connect user devices, such as smartphones, to systems in a user's premises, such as smart home devices. According to Portus, users can access Amazon's "Alexa app" using their "smartphones/tablets running a web browser" and control smart devices. Dkt. No. 1-2 at 5, Dkt. No. 1-4 at 5. Portus alleges that users control

smart home devices by "input[ting] Uniform Resource Locators (URL)" into a "user access browser." Dkt. No. 1-2 at 13, Dkt. No. 1-4 at 7. Portus does not identify the "user access browser" or "URL" beyond generically pointing to the Alexa app.

The Asserted Patents have been litigated previously. Of relevance here, two courts have ruled that defendants do not directly infringe either of the Asserted Patents because Portus's infringement contentions require an internet access device, such as a smartphone, and the defendants' customers (not the defendants themselves) provide that device and are the alleged user of the claimed system. *Portus Singapore PTE Ltd v. Schneider Elec. USA, Inc.*, C.A. No. 23-977-JLH-CJB, 2025 WL 437055 (D. Del. Feb. 7, 2025), *R&R adopted*, Dkt. 62 (D. Del. Mar. 7, 2025); *Portus Singapore PTE Ltd v. SimpliSafe, Inc.*, C.A. No. 19-480-LPS-JLH, 2019 WL 6071180 (D. Del. Nov. 15, 2019).

### B.    Portus Fails to Allege Infringement During the Recoverable Damages Period or the Knowledge Necessary for a Willful Infringement Claim

Portus filed its Complaint on February 16, 2026. Dkt. No. 1. Accordingly, the maximum statutory damages period begins no earlier than February 16, 2020. 35 U.S.C. § 286. Because the Asserted Patents expired on June 7, 2020, the recoverable damages period ends no later than the expiration date of both Asserted Patents. But Portus's allegations of infringement rely on snapshots dated more than a year before the damages period began on February 16, 2020. *See, e.g.*, Dkt. No. 1-2 at 1 (citing a YouTube video posted on July 16, 2018); Dkt. No. 1-4 at 1 (citing an article published on May 29, 2019). Portus cannot recover damages for activities that took place more than six years before the filing of the Complaint. And nowhere does Portus provide anything but conclusory allegations that Amazon infringed the Asserted Patents for the short period between February 16, 2020, when the damages period began, and the expiration of the Asserted Patents on June 7, 2020. Dkt. No. 1 ¶¶ 16, 22. Portus also includes claims of willful infringement for both

3

Asserted Patents, although it provides no allegations that Amazon knew of either of the patents before they expired. Dkt. No. 1 at 8 (§ VII(d)–(e)).

### C.      Portus and Its Licensees Did Not Mark or Otherwise Provide Notice

The Asserted Patents contain only apparatus claims, and though they expired years ago, Portus has asserted these patents in more than 25 cases, most of which were filed after the Asserted Patents expired.[1]

Because the Asserted Patents comprise only apparatus claims, Portus's licensees are "obliged" to mark their tangible products if Portus wishes "to avail itself of the constructive notice provisions of section 287(a)." *VDPP, LLC v. Volkswagen Group of Am., Inc.*, No. 23-2961, 2024 WL 1313899, at *5 (S.D. Tex. Mar. 27, 2024) (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993)). Portus acknowledges that it has entered into "settlement licenses with several defendant entities." Dkt. No. 1 ¶ 26. But Portus's Complaint does not include any allegation that Portus or its licensees marked any products with the Asserted Patents. Instead, the Complaint states a premise that is wrong as a matter of law—that Portus's licensees have no obligation to mark because the licensees did not agree that they were infringing. *Id.* ("Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents.").

### III.   LEGAL STANDARDS

### A.      Rule 12(b)(6) Standard

Under Rule 12(b)(6), dismissal is appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient "facts to state

---

[1] *See* Nall Declaration, Ex. 2 (showing docketnavigator.com search results for assertions of either Asserted Patent).

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Further, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

When reviewing a Rule 12(b)(6) motion to dismiss, a court may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rules of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### B.    Patent Marking

The patent marking statute requires a patentee to provide actual or constructive notice of alleged infringement before damages can begin to accrue. 35 U.S.C. § 287(a). "Patents with only method claims do not require marking whereas patents with apparatus claims do." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012). If a patentee fails to provide such notice before expiration of a patent, the patentee cannot recover any damages. *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("Because [Plaintiff]'s licensees did not mark their products and because [Plaintiff] did not inform [Defendants] of infringement before expiration of the [] patent, § 287(a) prevents [Plaintiff] from collecting damages.").

5

The patentee bears the burden of pleading compliance with the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). Among other things, the patentee must plead that licensees of the patent have complied with the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). When a patentee does not plead such compliance courts may dismiss the complaint. *Lans*, 252 F.3d at 1328–29 (affirming Rule 12(b)(6) dismissal for lack of marking or notice prior to the expiration of the asserted patent).

### C.  Willful Infringement

A claim of willful infringement must be premised upon an allegation that the alleged infringer knew of the asserted patent and deliberately infringed the patent after obtaining such knowledge. *See Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."). Courts will dismiss implausible claims of willful infringement. *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *7 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit willful infringement allegations).

## IV.  ARGUMENT

### A.  Portus Fails to Allege Infringement During the Damages Period

Portus has failed to plausibly state a claim for which relief can be granted. The allegations in the Complaint and claim charts rely on activities that occurred on or before May 29, 2019:

**Amazon Reveals 'Echo Show 5' With New Design and Alexa Commands for Deleting Voice Recordings**

Wednesday May 29, 2019 8:49 AM PDT by Mitchel Broussard

Dkt. No. 1-4 at 1; Dkt. No. 1-2 at 2; *see also* Dkt. No. 1-2 at 1 (citing video from 2018), 5 (citing a medium.com webpage from November 21, 2018), 10 (citing article from 2019); Dkt. No. 1-4 at 5 (citing article from 2018), 10 (citing articles from 2018 and 2019). Because the Complaint was filed on February 16, 2026, Portus may not seek damages for activities that occurred before the six-year damages look-back window began, *i.e.*, February 16, 2020. *See* 35 U.S.C. § 286. Yet, Portus relies on photos and articles dated more than a year before the damages period began. The charts also accuse activities that post-date expiration. *See* Dkt 1-4 at 4 (describing an Amazon product as of March 31, 2023). Accordingly, the Complaint should be dismissed because Portus has failed to plausibly plead infringement during the damages period. *See Kutt v. Apple Inc.*, No. 2:19-CV-00316-RWS, 2020 WL 6803257, at *2 (E.D. Tex. Mar. 23, 2020) (granting a motion to dismiss because plaintiff failed to plausibly plead damages within the statutory period), *aff'd*, No. 2020-1757, 2022 WL 16828759 (Fed. Cir. Nov. 9, 2022).

### B. Portus Failed to Comply With the Marking Statute Before the Asserted Patents Expired

#### 1. The marking statute applies to the Asserted Patents

The Asserted Patents are subject to the requirements of § 287(a) because they contain *only* apparatus claims. Dkt. No. 1-1 at 12:16–20:37; Dkt. No. 1-3 at 12:39–17:7. Portus mistakenly alleges that, "to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking." Dkt. No. 1 ¶ 26. Portus cannot so limit its claims because the Asserted Patents contain only apparatus claims. Accordingly, Portus must plead compliance with the marking statute to get pre-suit damages. *See Am. Med. Sys.*, 6 F.3d at 1538; *Volkswagen*, 2024 WL 1313899, at *4.

7

### 2.    Portus has not complied with the marking statute

"When § 287(a) applies, 'an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287.'" *Volkswagen*, 2024 WL 1313899, at *4 (quoting *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 591 (S.D. Tex. 2022)). This burden of production is a "low bar." *Id.* (quoting *Arctic Cat I*, 876 F.3d at 1368). "The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* (quoting *Arctic Cat I*, 876 F.3d at 1368). "The patentee then 'bears the burden of pleading and proving he complied with § 287(a)'s marking requirement.'" *Id.* (quoting *DynaEnergetics*, 629 F. Supp. 3d at 591).

A defendant may rely on its motion to dismiss to satisfy its "low" burden of production. *Id.* Pursuant to that burden, Amazon identifies the following products as licensed products that were not marked:

- On February 6, 2019, Portus filed suit against AT&T Digital Life, Inc., accusing its smart home security system of infringing the Asserted Patents. *Portus Singapore Pte Ltd v. AT&T Digital Life, Inc.*, No. 2:19-cv-44 (E.D. Tex. 2019), Dkt. No. 1 ¶¶ 19, 52; *see also, e.g.*, *id.*, Dkt. No. 1-3. On March 20, 2020, the parties entered into a settlement agreement. *See id.*, Dkt. No. 34. Yet Portus does not plead that AT&T marked licensed products, nor that it required AT&T to do so.

- On February 6, 2019, Portus filed suit against Vivint Inc., accusing its SmartHome security system of infringing the Asserted Patents. *Portus Singapore Pte Ltd v. Vivint, Inc.*, No. 3:19-cv-310 (N.D. Tex. 2019), Dkt. No. 1 ¶¶ 19, 40; *see also, e.g.*, *id.*, Dkt. No. 1-3. On January 18, 2020, the parties entered into a settlement agreement. *See id.*, Dkt. No. 56. Yet Portus does not plead that Vivint marked licensed products, nor that it required Vivint to do so.

- On February 7, 2019, Portus filed suit against Zmodo Technology Corporation Limited, accusing its Pivot smart device hub of infringing the Asserted Patents. *Portus Singapore Pte Ltd v. Zmodo Tech. Corp.*, No. 2:19-cv-2029 (C.D. Ill. 2019), Dkt. No. 1 ¶¶ 19, 35; *see also, e.g.*, *id.*, Dkt. No. 1-2. On August 14, 2019, the parties entered into a settlement agreement. *See id.*, Dkt. No. 26. Yet Portus does not plead that Zmodo marked licensee products, nor that it required Zmodo to do so.

8

- On March 7, 2019, Portus accused SimpliSafe, Inc.'s home security system of infringing the Asserted Patents. *Portus Singapore Pte Ltd v. SimpliSafe, Inc.*, No. 1:19-cv-00480 (D. Del. 2019), Dkt. No. 1 ¶¶ 19, 36; *see also, e.g.*, *id.*, Dkt. No. 1-3. On January 13, 2020, the parties entered into a settlement agreement. *See id.*, Dkt. No. 24. Yet Portus does not plead that SimpliSafe marked licensee products, nor that it required SimpliSafe to do so.

In sum, to satisfy the marking requirement, Portus was required to show that it mandated that its licensees, such as AT&T, Vivint, Zmodo, and SimpliSafe, mark their allegedly infringing products with the Asserted Patents, and that it enforced this requirement. *See SK Nexilis Co. v. Solus Advanced Mats. Co.*, No. 2:23-cv-00539-JRG-RSP, 2026 WL 1064991, at *5 (E.D. Tex. Apr. 6, 2026) (a defendant meets its "low" *Arctic Cat* burden where "the plaintiff first 'identified certain products as practicing its patents,' and the defendant 'then contended those products should have been marked.'" (quoting *Headwater Research LLC v. Samsung Elecs. Co., Ltd.*, 2:22-CV-00422-JRG-RSP, 2024 WL 3843760, at *2 (E.D. Tex. July 15, 2024))); *Arctic Cat I*, 876 F.3d at 1366. Portus's Complaint includes no such allegations.

Portus offers three explanations for its failure to require its licensees to mark in its Complaint, none of which justify Portus's failure to comply with § 287(a).

*First*, Portus asserts that it "is a non-practicing entity, with no products to mark." Dkt. No. 1 ¶ 25. But as the *Volkswagen* court held in another case involving Portus's counsel (with a virtually identical complaint), "[plaintiff]'s assertion that it never made or sold a patented product" is irrelevant, and it must "make at least a preliminary showing" that its licensees marked the patent. *Volkswagen*, 2024 WL 1313899, at *4.

*Second*, Portus contends that it need not make any showing that its licensees marked products with the Asserted Patents because each "settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement" and each licensee "did not believe it produced any product that could be considered

9

a patentable article under 35 U.S.C. § 287." Dkt. No. 1 at ¶ 29. But Portus's allegation concerning the subjective belief of its licensees is immaterial to Portus's burden to plead compliance with the marking statute. *See, e.g.*, *Finjan, Inc. v. Juniper Networks, Inc.*, 387 F. Supp. 3d 1004, 1017 (N.D. Cal. 2019) (rejecting "the proposition that simply because certain licensees denied admission of liability when it entered into licensing agreements with [Plaintiff], those licensees were not required to mark as a matter of law"); *Laitram Corp. v. NEC Corp.*, No. 89-cv-1571, 1996 WL 365663, at *2 (E.D. La. July 1, 1996) (licensee's "refusal to concede infringement in its settlement agreement with [Plaintiff] does not relieve [Plaintiff] from the marking requirements of Section 287").

*Third*, Portus improperly interposes a policy argument in its Complaint in a misguided attempt to save its deficient pleading. Portus asserts that "policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking." Dkt. No. 1 at ¶ 28. But "[e]nforcement of the Section 287's marking requirement, in and of itself, will not discourage future settlements of patent litigation." *Laitram Corp.*, 1996 WL 365663, at *2 (rejecting patentee's argument that "the strong public interest in favor of settlement of patent litigation . . . overrides Section 287"). In addition, enforcing the marking requirement would not be against public policy because a plaintiff could still obtain pre-suit damages "on proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287. To the extent that Portus believes that this alternative method of preserving pre-suit damages is insufficient, its policy arguments "are properly addressed to Congress, not this Court," *SAS Inst. Inc. v. Iancu*, 584 U.S. 357, 368 (2018), and do not alter its burden to plausibly plead compliance with the marking statute by alleging marking by its licensees. *Arctic Cat I*, 876 F.3d at 1366 (marking statute requires patentee to ensure that its licensees comply with marking requirements).

10

While Portus represents it could potentially develop evidence of marking compliance during discovery, it provides no plausible explanation for this position. For instance, although there are several licensees of the Asserted Patents, Portus has conceded that "none of the settlement licenses were to produce a patented article" based on the licensees' belief that the licensed products did not infringe. Dkt. No. 1 ¶ 26. Thus, any statement by Portus suggesting that it could somehow now develop evidence from 2020 of its licensee's past marking is wholly unsupported.

Because Portus has failed to meet its burden to plead compliance with 35 U.S.C. § 287, and because amendment would be futile, its claims should be dismissed with prejudice. *See Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) (dismissing with prejudice complaint asserting expired patents for failure to satisfy the marking requirement).

**C.      Portus's Complaint Does Not Allege Pre-Expiration Notice of the Asserted Patents and Thus Cannot Support a Claim of Willful Infringement**

Portus's Complaint also fails to state a claim for willful infringement of the Asserted Patents. Dkt. No. 1 at 8 (§ VII(d)–(e)). Because Portus does not allege that Amazon knew of the Asserted Patents before they expired, Portus's claim for willful infringement is impossible and should be dismissed. *Bayer Healthcare LLC*, 989 F.3d at 988; *Robocast, Inc. v. YouTube, LLC*, C.A. No. 22-304, 2022 WL 16922035, at *2 (D. Del. Nov. 14, 2022) (finding Plaintiff failed to state a claim for "willful infringement of the [asserted] patents because Plaintiff fails to plausibly allege knowledge of the asserted patents before their expiration").

Here, Portus does not allege that Amazon knew of the Asserted Patents until Portus filed its Complaint. *See* Dkt. No. 1. But the Asserted Patents expired years before Portus filed this suit. Because Portus does not allege that Amazon was aware of the Asserted Patents before they expired, there are not sufficient facts to support an allegation of pre-expiration knowledge. *Kirsch Rsch. &*

11

*Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-00317, 2021 WL 4555608, at \*2 (W.D. Tex. Oct. 4, 2021) (granting motion to dismiss pre-expiration induced and willful infringement claims because the complaint "does not plead sufficient facts that would support an allegation of pre-expiration knowledge"); *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-2479, 2018 WL 2229364, at \*7 (S.D. Cal. May 16, 2018) (dismissing claims of willful infringement where patent expired two weeks prior to the filing of the complaint); *Robocast*, 2022 WL 16922035, at \*2. Nor can Portus's Complaint constitute notice for purposes of post-suit infringement because "there can be no infringement once [a] patent expires." *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994). For these reasons, the Court should dismiss Portus's claim of willful infringement.

### D. Portus Cannot Plausibly Allege That Amazon Infringes the Asserted Patents

Portus alleges that Amazon directly infringes claim 57 of the '526 patent and claim 1 of the '097 patent by (1) making, selling, and offering to sell the Accused Products which embody the patented system and (2) by putting into service the Accused Products when all elements of the patented system are combined, thus meeting each limitation of the Asserted Claims. Dkt. No. 1 ¶¶ 16, 22. Portus's allegations fail to meet the requirements of 35 U.S.C. § 271 for direct infringement.

#### 1. Portus fails to plausibly allege that Amazon makes, sells, or offers for sale all elements of the patented system

"[I]nfringement by 'making' or 'selling' a system requires a *complete* infringing system: 'one may not be held liable under § 271(a) for "making" or "selling" less than a complete invention.'" *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 444 (W.D. Tex. 2023) (quoting *Synchronoss Techs. v. Dropbox, Inc.*, 987 F.3d 1358, 1368 (Fed. Cir. 2021)). Likewise, making requires a *single entity* to "combine all of the claim elements." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011).

12

Pursuant to the Federal Circuit's decision in *Centillion*, if a customer (rather than a defendant company) performs the final step to assemble a claimed system by (for example) installing certain software, then the defendant company has not infringed, because it is the customer who directly infringes by completing the system. *Id.*

The Asserted Claims require, for example, a "hardware user access browser device that comprises a processor running an access browser." *See* '526 patent, claim 57 (Dkt. No. 1-1 at 17:4–6); '097 patent, claim 1 (Dkt. No. 1-3 at 12:41–42 ("first hardware processing circuitry running an access browser module")). But Portus does not, and cannot, allege that Amazon makes or sells the claimed "hardware user access browser device" and then assembles the final product. Instead, customers must provide the smartphones (hardware) and download the Alexa app. Portus's Complaint targets Amazon's software. But merely providing software for a customer to use does not constitute infringement of a claimed system that requires hardware. *See Centillion*, 631 F.3d at 1286–88. Like the defendant in *Centillion*, Amazon "manufactures only part of the claimed system," and "[t]he customer, not [Amazon], completes the system by providing the" claimed hardware that runs the access browser and "installing the client software." *Id.* at 1288.

In a previous case involving Portus and the Asserted Patents, the District of Delaware dismissed Portus's complaint on similar allegations because Portus could not demonstrate manufacture or sale of the claimed "hardware user access browser device"—"the [complaint]'s allegations 'all require a *user* to provide their *own cellphone* or other external device' for use with the claimed system." *Schneider*, 2025 WL 437055, at *4–5. The same is true here.

Thus, Portus cannot plead direct infringement based on manufacture, sale, or offer for sale.

### 2. Portus fails to plausibly allege that Amazon uses the patented system

"[T]o 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Centillion*, 631 F.3d at 1284.

Additionally, "direct infringement by use of a system claim requires a party to use each and every element of a claimed system." *Id.* (cleaned up).

The claims of the Asserted Patents and Portus's accompanying claim charts make clear that Amazon does not—and cannot—meet the aforementioned "use" requirements. Consider the same claim limitations discussed above—"a first hardware processing circuitry running an access browser module" ('097 patent, claim 1) and "a hardware user access browser device that comprises a processor running an access browser" ('526 patent, claim 57). Even taking Portus's infringement allegations (as illustrated by its charts) as true, Amazon does not use each and every element of the patented system as required to put the invention into service. Instead, it is the customer, and not Amazon, who supplies and uses the smartphone or hardware access browser device required to put the relevant systems into service. *See* Dkt. No. 1-2 at 5, 13; Dkt. No. 1-4 at 7.

In *Centillion*, the Federal Circuit held that even if the defendant provides software, it does not *use* the patented system if it never puts the hardware into service. *See Centillion*, 631 F.3d at 1286 ("Supplying the software for the customer to use is not the same as using the system."). Likewise, in previous litigations involving Portus and the Asserted Patents, two District of Delaware courts found that Portus's allegations of use against the defendant companies, which are nearly identical to those asserted here, were insufficient. *SimpliSafe, Inc.,* 2019 WL 6071180, at *5; *Schneider*, 2025 WL 437055, at *7. The courts found that Portus's allegations all relate to the defendant companies' "customer's ability to use a remote device to access the internet and monitor her premises" and "there are no facts alleged supporting the contention that [the defendant] itself uses the claimed remote access device in connection with operation of the claimed systems." *SimpliSafe, Inc.*, 2019 WL 6071180, at *5; *see also Schneider*, 2025 WL 437055, at *7 ("[*The defendant*]*'s customers* supply the hardware user access browser device required to put the relevant

14

systems into service."). Furthermore, Portus does not allege that Amazon controls its users' remote devices because it does not.

Because Portus cannot plausibly allege that Amazon makes, sells, or uses the patented system, this Court should dismiss the Complaint with prejudice.

## V.   CONCLUSION

For all of the reasons set forth herein, Amazon respectfully requests that the Court grant its motion to dismiss this case with prejudice.

Dated:  May 18, 2026

Respectfully submitted,

/s/ *Jennifer Librach Nall*
Jennifer Librach Nall
Texas Bar No. 24061613
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7249
Fax: 512.457.7001
jennifer.nall@us.dlapiper.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

*Attorneys for Defendant Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 18, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.3.

/s/ *Jennifer Librach Nall*
Jennifer Librach Nall

16