# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

PORTUS SINGAPORE PTE LTD.
& PORTUS PTY LTD,

       Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA,
INC.,

       Defendant.

Case No. 2:26-CV-00143-JRG

(LEAD CASE)

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Samsung Electronics America, Inc. ("SEA"), by and through its undersigned counsel, hereby answers the First Amended Complaint for Patent Infringement of United States Patent Nos. 8,914,526 and 9,961,097 (hereinafter, "Amended Complaint") (Dkt. No. 9) filed by Plaintiffs Portus Singapore PTE Ltd. and Portus PTY Ltd. (together, "Plaintiffs") on March 20, 2026.

### GENERAL DENIAL

Except as hereinafter expressly admitted, qualified, or otherwise admitted, SEA specifically denies each and every allegation contained in Plaintiffs' Amended Complaint. SEA's reproduction of the headings set forth in the Amended Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by SEA that any allegation or other statement in the headings or paragraphs of the Amended Complaint, whether explicit or implied, is true, correct, or admitted by SEA.

### I.    THE PARTIES

1.    SEA lacks knowledge or information sufficient to form a belief as to the truth of

1

the allegations set forth in Paragraph 1 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 1 of the Amended Complaint.

2.    SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 2 of the Amended Complaint.

3.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District. SEA admits that it is a corporation organized and existing under the laws of the State of New York.  SEA admits that it maintains a facility located at  6625 Excellence Way, Plano, Texas 75023.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 3 of the Amended Complaint.

4.    SEA denies the allegations set forth in Paragraph 4 of the Amended Complaint.

## II.    JURISDICTION AND VENUE

5.    SEA admits that the Amended Complaint purports to be a patent infringement action arising out of the alleged infringement of United States Patent Nos. 8,914,526 and 9,961,097 (together, "the Asserted Patents" or "the Patents-in-Suit") and under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  SEA specifically denies that there are any legal or factual bases for Plaintiffs' claims.  SEA specifically denies that Plaintiffs are entitled to any relief for Plaintiffs' allegations of patent infringement, whether by award of damages, injunction, or otherwise.  SEA admits that the Amended Complaint purports to state claims over which the Court would have subject matter jurisdiction generally under 28  U.S.C.  §§ 1331, 1332, and 1338(a).  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 5 of the Amended Complaint.

2

6.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA, solely for the purposes of this litigation, does not contest whether SEA is subject to the personal jurisdiction of this this Judicial District.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

7.    SEA denies the allegations set forth in Paragraph 7 of the Amended Complaint.

8.    SEA denies the allegations set forth in Paragraph 8 of the Amended Complaint.

9.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA, solely for the purposes of this litigation, does not contest whether SEA is subject to the personal jurisdiction of this this Judicial District.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA, solely for the purposes of this litigation, does not contest whether SEA is subject to the personal jurisdiction of this this Judicial District.  SEA admits that it maintains a facility at 6625 Excellence Way, Plano, Texas 75023.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.    SEA denies the allegations set forth in Paragraph 11 of the Amended Complaint.

12.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA, solely for the purposes of this litigation, does not contest whether venue is proper in this Judicial District.  Irrespective of SEA's response that SEA does not contest whether venue is proper in this Judicial District,

SEA reserves the right to move to transfer venue in the underlying action to a more convenient Judicial District pursuant to 28 U.S.C. § 1404(a).  Except as expressly admitted, SEA denies the remaining allegations set forth in  Paragraph 12 of the Amended Complaint.

### III.   [ALLEGED] INFRINGEMENT OF THE '526 PATENT

13.   SEA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1 through 12 of the Amended Complaint.

14.   SEA admits that United States Patent No. 8,914,526 ("the '526 Patent") purports to have been issued on December 16, 2014, and is titled "Local and Remote Monitoring Using a Standard Web Browser."  SEA specifically denies that the '526 Patent was duly and legally issued by the United States Patent and Trademark Office (hereinafter, "the USPTO").  SEA admits that what purports to be a copy of the '526 Patent was attached to the Amended Complaint as Exhibit A.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.   SEA denies the allegations set forth in Paragraph 15 of the Amended Complaint.

16.   SEA denies the allegations set forth in Paragraph 16 of the Amended Complaint.

17.   SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA admits that what purports to be copies of Plaintiffs' Preliminary Infringement Contentions for the '526 Patent were attached to the Amended Complaint as Exhibit B and C.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18.   SEA denies the allegations set forth in Paragraph 18 of the Amended Complaint.

### IV.    [ALLEGED] INFRINGEMENT OF THE '097 PATENT

19.    SEA repeats, realleges, and incorporates by reference, as fully set forth herein, its responses to the allegations set forth in Paragraphs 1 through 18 of the Amended Complaint.

20.    SEA admits that United States Patent No. 9,961,097 ("the '097 Patent") purports to have been issued on May 1, 2018, and is titled "System for Remote Access of a User Premises." SEA specifically denies that the '097 Patent was duly and legally issued by the USPTO.  SEA admits that what purports to be a copy of the '097 Patent was attached to the Amended Complaint as Exhibit D.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21.    SEA denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    SEA denies the allegations set forth in Paragraph 22 of the Amended Complaint.

23.    SEA specifically denies that it has committed any act of infringement anywhere in the United States, including this Judicial District.  SEA admits that what purports to be copies of Plaintiffs' Preliminary Infringement Contentions for the '097 Patent were attached to the Amended Complaint as Exhibit E and F.  Except as expressly admitted, SEA denies the remaining allegations set forth in Paragraph 23 of the Amended Complaint.

24.    SEA denies the allegations set forth in Paragraph 24 of the Amended Complaint.

### V.    [ALLEGED] CONDITIONS PRECEDENT

25.    SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27. SEA denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28. SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 28 of the Amended Complaint.

29. SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31. SEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint and, therefore, SEA denies the allegations set forth in Paragraph 31 of the Amended Complaint.

## VI.    [PLAINTIFFS'] JURY DEMAND

SEA is not required to provide a response to Plaintiffs' request for a trial by jury.

## VII.    [PLAINTIFFS'] PRAYER FOR RELIEF

SEA denies the underlying allegations of Plaintiffs' Prayer for Relief against SEA, denies that Plaintiffs are entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiffs, enter judgment in favor of SEA, and award SEA attorneys' fees and costs as the prevailing party in this action.

## VIII.   AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without admitting or acknowledging that SEA bears the burden of proof as to any defenses, SEA specifically alleges and asserts the following defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses, regardless of how such defenses are denominated below.  SEA reserves all rights to raise additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs' Amended Complaint fails to state a claim against SEA upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

Each and every claim of the Patents-in-Suit are invalid and unenforceable for failure to satisfy one or more requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, non-statutory obviousness-type double patenting and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
**(Non-Infringement)**

SEA does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271, willfully or otherwise. If the claims at issue are interpreted so broadly as to read on any accused product, SEA has not infringed any such claim under the Reverse Doctrine of Equivalents.  SEA has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiffs.

7

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Patent Damages)

Plaintiffs' claim for damages, if any, against SEA for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Samsung has not engaged in conduct that constitutes willful infringement that would otherwise entitle Plaintiffs to an award of enhanced damages under 35 U.S.C. § 284.

## RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

SEA expressly reserves the right to later assert and pursue further defenses in this action permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, the Local Rules of this District, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## SEA'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SEA requests a trial by jury on all issues so triable.

## SEA'S PRAYER FOR RELIEF

WHEREFORE, SEA respectfully prays that this Court enter judgment against Plaintiffs as follows:

(a)    A declaration that SEA has not infringed, contributed to infringement, and/or induced others to infringe the Asserted Patents;

(b)    A declaration that the Asserted Patents are invalid;

(c)    A judgment in favor of SEA on all of its defenses;

(d)    A judgment in favor of SEA denying Plaintiffs any relief whatsoever and

dismissing Plaintiffs' Amended Complaint with prejudice;

(e)      A judgment against Plaintiffs finding that all claims of the Asserted Patents are invalid and/or unenforceable;

(f)      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding SEA its fees and expenses of litigation, including, but not limited to, attorneys' fees and costs;

(g)      A judgment dismissing Plaintiffs' Amended Complaint against SEA with prejudice; and

(h)      Such other and further relief as the Court shall deem just and proper.

Dated: May 22, 2026                                  Respectfully submitted,

                                                       /s/ Melissa R. Smith
                                                     _____
                                                     Melissa R. Smith
                                                     Texas Bar No. 24001351
                                                     **GILLAM & SMITH, LLP**
                                                     303 South Washington Avenue
                                                     Marshall, Texas 75670
                                                     Telephone: (903) 934-8450
                                                     Facsimile:  (903) 934-9257
                                                     Email: melissa@gillamsmithlaw.com

                                                     *Attorney for Defendant*
                                                     *Samsung Electronics America, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 22, 2026, a true and correct copy of the above and foregoing document was served on counsel of record *via* the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
_____
Melissa R. Smith
